WALTER RANKIN, APPELLANT, v. CITY NATIONAL BANK OF CRETE, A CORPORATION, APPELLEE.

153 N. W. 2d 869

Filed November 3, 1967. No. 36604.

Perry, Perry, Sweet & Witthoff and Sherwood & Sherwood, for appellant.

John E. Mekota, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action to recover $9,000 alleged to be due the plaintiff, Walter Rankin, from the defendant, City National Bank of Crete. The trial court found generally for the defendant and dismissed the action. The plaintiff has appealed.

The plaintiff is a turkey grower who lives near Oxford, Nebraska. In September 1964, the plaintiff sold some 72,970 pounds of tom turkeys to Midwest DeLux Foods Co., a processor which operated a plant at Crete, Nebraska. According to the plaintiff, the tom turkeys were loaded on trucks and weighed at Oxford, Nebraska, on September 18 or 19, 1964, and then hauled to Crete, Nebraska. At Crete the turkeys were to be processed and inspected. The weight of any condemned turkeys was to be subtracted from the live weight, and Midwest was to pay the plaintiff $.215 per pound for the net weight. The plaintiff claims that the turkeys were to remain his property until he was paid.

The plaintiff was indebted to Supersweet Feeds for feed and supplies furnished to the plaintiff, and this indebtedness was secured by a mortgage to Supersweet upon the tom turkeys sold to Midwest.

The plaintiff and his wife had stopped in Crete, Nebraska, on September 5, 1964, and talked with Fred W. Kerst, the president of the defendant bank. The plaintiff had a $7,486 check that he had obtained from Mid-

west, payable to the plaintiff and Supersweet, for hen turkeys that the plaintiff had sold to Midwest the preceding week. Kerst told the plaintiff that the bank would cash the $7,486 check when it was properly endorsed. Kerst also told the plaintiff that Midwest was able to borrow upon warehouse receipts up to 75 percent of the value of turkeys which had been processed and placed in storage.

On September 18, 1964, the $7,486 check had not been presented so Kerst called the plaintiff and talked with his wife. There is a dispute in the evidence as to when this telephone conversation took place, but we find that it took place on September 18, 1964. Kerst again told Mrs. Rankin that the defendant bank would pay the $7,486 check when it was presented. The $7,486 check arrived at the bank on September 19, 1964, and was paid.

The plaintiff claims that the tom turkeys were sold by Midwest to Charles Keller, a broker in Chicago, Illinois. On October 17, 1964, Keller sent a check in the amount of $9,000, payable to the defendant, and the following letter to Fred W. Kerst, the president of defendant:

"Enclosed is our check in the amount of $9,000.00 which represents an advance on the sale of all turkeys stored for the account of Midwest De Lux Foods Co. in the Fulton Mkt. Cold Storage Co., Chicago, Illinois, and released to the order of Charles Keller.

"We are paying the entire Loan, Interest, and all Warehouse charges on Monday, October 19, to date, as sale is being consumated (consummated) on that date. After receipt of all above details and weights from warehouse we will send accounting in full with balance due of approximately $2,000.00 plus.

"Super Sweet Feed Co. has notified us that there are certain growers whose turkeys are involved in this deal and who are obligated to said Feed Co. We presume that Super Sweet Feed Co. have already contacted you. We are sending copy of this letter to Mr. Hanson who

represents Super Sweet Feeds in Des Moines, Iowa.

"Our reason for making this check payable to your bank is primarily to protect all parties interested, including ourselves.

"Please send us a bill for any services or expens (expense) involved.

Thanking you for your interest in this transaction I am,

"Respectfully,

/s/ Charles Keller

Charles Keller

CK:lk

"P. S. Anything to the contrary or for further information please, phone writer collect.

"P. P. S. The 16,000 lbs. of Canner Type Turkeys stored in Crete Storage Corp., Crete, Neb. for the account of Midwest De Lux Food Co. is not involved in the above transaction."

On October 23, 1964, Keller again wrote to Kerst as follows:

"Enclosed is our check in the amount of $2,668.46 which is the Final Accounting for balance due on all turkeys received from Midwest De Lux Foods Company.

"As per our telephone conversation, I am confirming authority given you to deliver our check #30932 in the amount of $9,000.00, and also our enclosed check to Midwest De Lux Foods Company after proper endorsements gauranteeing (guaranteeing) clear title to merchandise, as outlined in said telephone conversation. Same endorsement can appear on both checks.

"Please advise if any bank charges for your services.

"Thanking you for your interest and many courtesies extended I am,

"Respectfully,

/s/ Charles Keller

Charles Keller

CK:lk"

Kerst obtained the endorsement requested by Keller

and deposited the $9,000 check enclosed with the letter of October 17, 1964, in the account of Midwest.

The plaintiff never received payment from Midwest for the tom turkeys delivered to Midwest on September 18 or 19, 1964. The plaintiff has paid Supersweet the amount due it which was secured by the mortgage upon the tom turkeys sold to Midwest.

The plaintiff's theory of the case is that the letter of October 17, 1964, from Keller to Kerst created a trust in favor of the plaintiff, and that the defendant became liable to the plaintiff when it deposited the check in the account of Midwest instead of disbursing the funds to the plaintiff. The plaintiff's theory of the case is dependent upon the interpretation to be placed upon the letter from Keller dated October 17, 1964.

In order to create a trust, it must clearly appear that such was the intention of the parties. Crancer v. Reichenbach, 130 Neb. 645, 266 N. W. 57. Ordinarily a trust is not created where the transaction is as consistent with another relationship as with that of a trust. O'Connor v. Burns, Potter & Co., 151 Neb. 9, 36 N. W. 2d 507.

The letter upon which the plaintiff relies lacks the certainty that is required for the creation of a trust. We think that the letter from Keller to Kerst, dated October 17, 1964, was intended to constitute the defendant bank an agent for Keller for the purpose of making payment for turkeys purchased from Midwest. The letter evidences concern over the fact that some of the turkeys were mortgaged, and it was Keller's desire to protect himself against the mortgage lien in the transaction. This interpretation is confirmed by the letter of October 23, 1964, in which Keller directed the bank to deliver the $9,000 check to Midwest upon obtaining an endorsement guaranteeing clear title to the merchandise. It is clear from this letter that Keller considered the $9,000 check held by the defendant to be subject to the control and direction of Keller. The testimony of Kerst is to the same effect.

The determination that the Keller letter of October 17, 1964, did not create a trust makes it unnecessary to consider the plaintiff's further contention that he is subrogated to the rights of Supersweet. It is unnecessary to consider the other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., participating on briefs.